UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BRITTANY M. PEASLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN[1], ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> _____) | Case No. EDCV 12-2105 AJW <br><br> MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions.

**Administrative Proceedings**

The parties are familiar with the procedural facts. [See JS 2]. In a November 17, 2011 written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff, who was then 22 years old, had a severe affective disorder that did not meet or equal a listed impairment. [JS 2; Administrative Record ("AR") 12-14] The ALJ determined that

---

[1] Carolyn W. Colvin is substituted for her predecessor in office, Michael J. Astrue. See Fed. R. Civ. P. 25(d).

plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, but that she was limited to non-public, simple, routine, repetitive tasks with occasional contact with co-workers. [AR 14]. The ALJ found that plaintiff's RFC precluded her from performing her past relevant work as a cosmetologist but did not preclude performance of alternative jobs available in significant numbers in the national economy. [AR 18-19]. Accordingly, the ALJ concluded that plaintiff was not disabled from August 8, 2009, her alleged onset date, through the date of his decision.. [AR 19-20].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

## Discussion

**Treating physician's opinion**

Plaintiff contends that the ALJ erred in evaluating the opinion of treating physician Melissa Pereau, M.D. and failed adequately to develop the record.

The record contains an October 18, 2011 letter from M. Pereau, M.D., Medical Director, Loma Linda University Behavioral Medicine Center ("Loma Linda BMC") addressed "To Whom It May Concern." [AR 506]. Dr. Pereau states that plaintiff

> has participated in an outpatient intensive partial hospital program for the past 4 months due to severe mood disorder ([bipolar mood disorder vs. major depressive disorder, intermittent

> explosive disorder]) and poor coping strategies. Although I do not provide long-term followup, I believe that currently and in the past 6 months [plaintiff] has been unable to work due to a mental illness and the need for intensive daily treatment. She continues to have severely low functioning and it is likely she will be unable to work in the near future. At this time she still meets criteria for day treatment program. Outpatient financial assistance (SSI, disability) is highly recommended.

[AR 506].

The ALJ said that he read and considered Dr. Pereau's letter. The ALJ noted that Dr. Pereau reported that plaintiff

> participated in an outpatient intensive program for four month[s] for her mood disorder after the claimant had not followed-up for her mental health treatment for four years. The doctor opined the claimant is unable to work because of mental illness and required daily treatment. The undersigned finds this conclusion has no probative value and rejects it. As an opinion on an issue reserved to the Commissioner, this statement is not entitled to controlling weight and is not given special significance pursuant to 20 C.F.R. 404.1527(e) and 416.927(e); SSR 96-5. In addition, this opinion is not supported by objective evidence, is inconsistent with the record as a whole, and demonstrates a lack of understanding of social security disability programs and evidentiary requirements on the part of medical director.

[AR 17]. Plaintiff contends that the ALJ's reasons for rejecting Dr. Pereau's opinion are legally insufficient.

The ALJ is required to provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting an uncontroverted treating source opinion. If contradicted by that of another doctor, a treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Tonapetyan v. Halter, 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995).

The ALJ was required to articulate specific, legitimate reasons supported by substantial evidence for rejecting Dr. Pereau's opinion, which is controverted by other medical opinion evidence in the record as a whole. Specifically, the Commissioner's consultative examining physician, Linda Smith, M.D., examined plaintiff in January 2010 and concluded that she had no psychiatric limitations. Dr. Smith

3

1 characterized plaintiff as an unreliable historian and noted that she exhibited only "two minor problems"
2 on her mental status examination. [AR 316-324]. Dr. Smith concluded that plaintiff had a "mood disorder
3 not otherwise specified" that did not impair her ability to work. [AR 323-324].

4       The ALJ's reasons for rejecting Dr. Pereau's opinion were not specific and legitimate. The ALJ
5 noted that Dr. Pereau did not cite any clinical findings or objective data to support her disability opinion.
6 [AR 17]. An ALJ need not accept a physician's opinion that is conclusory and inadequately supported by
7 clinical findings. Bayliss, 427 F.3d at 1217. It is true that Dr. Pereau did not offer specific examination
8 findings in support of her opinion; however, her statement that plaintiff had been under her care for
9 "intensive daily treatment" for the past four months for a "mood disorder" and had "severely low
10 functioning" strongly suggested that supporting treatment reports and clinical data likely existed. That Dr.
11 Pereau concluded that plaintiff met the criteria for intensive daily treatment raises the inference that plaintiff
12 could not work for at least the period of time she satisfied those criteria. Moreover, Dr. Pereau's statements
13 regarding plaintiff's need for treatment were consistent with the hearing testimony and other medical
14 evidence in the record. Plaintiff testified that her treating psychiatrist, Dr. Kohut, wanted her to undergo
15 in-patient psychiatric treatment, but that she "was too scared to go in-patient so he recommended the
16 outpatient program for me." [AR 65; see AR 52, 55]. Plaintiff's mother corroborated that testimony. [AR
17 71]. Moreover, the medical evidence corroborates plaintiff's need for treatment at Loma Linda BMC and
18 flatly contradicts the ALJ's assertion that plaintiff had "not followed-up [on] her mental health treatment
19 for four years," another reason the ALJ gave for rejecting Dr. Pereau's opinion. [AR 17]. Plaintiff had a
20 well-documented and consistent history of psychiatric treatment for several years before the date of Dr.
21 Pereau's letter. Treatment records indicate that from April 2006 through December 2007, plaintiff received
22 psychiatric treatment on a bi-weekly or monthly basis from Kelly J. Blue, M.D., who diagnosed plaintiff
23 with bipolar disorder, type 1. Dr. Blue prescribed Lamictal (known generically as lamotrigine), an anti-
24 consultant that is also used to treat bipolar disorder[2], 200 milligrams daily, and Ativan (known generically

---

[2] See United States National Library of Medicine & National Institutes of Health, MedlinePlus website, lamotrigine, available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a695007.html (last accessed Nov. 19, 2013).

as lorazepam), an anti-anxiety medication[3], 1 milligram daily at bedtime. [AR 405-418]. From January 2008 through at least September 2011, the month prior to the hearing, plaintiff received bi-weekly, monthly, or bi-monthly psychiatric care from John Kohut, M.D., a board certified psychiatrist and forensic psychiatrist. Throughout that same period plaintiff also attended psychotherapy sessions approximately weekly with either a licensed clinical social worker or a marriage and family therapist who worked in Dr. Kohut's office. [AR 227-271, 419-505].

During the hearing, plaintiff, then 22 years old, testified that Dr. Kohut was her psychiatrist, that she been seeing him since she was 17 years old, and that she had seen him "a lot." [AR 48, 61-62]. In a letter dated August 2, 2010, Dr. Kohut stated that he had treated plaintiff since January 2008, and that his initial diagnoses were bipolar affective disorder, type I, mixed; generalized anxiety disorder; and intermittent explosive disorder. Dr. Kohut said that plaintiff currently was on a combination of venlafaxine ER[4] (the generic form of Effexor), an anti-depressant[5], 75 milligrams daily; Lamictal, 100 milligrams at bedtime as needed; Seroquel (known generically as quietiapine ER), an anti-psychotic[6], 200 milligrams at bedtime as needed; and Ativan, 1 milligram at bedtime as needed. [AR 403].

Dr. Kohut's notes indicate that in May 2011, right around the time Dr. Pereau said that plaintiff became disabled, plaintiff "stopped meds [and] became symptomatic, i.e., emotionally labile, agitated, and belligerent. Admonish compliance with all treatment recommendations i.e. psychotropics and [illegible]." [AR 426]. A contemporaneous progress note by plaintiff's therapist states that plaintiff "reports that she went into a manic phase after she stopped taking her medications. This was triggered by feeling envious

---

[3] See United States National Library of Medicine & National Institutes of Health, MedlinePlus website, lorazepam, available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682053.html (last accessed Nov. 19, 2013).

[4] The abbreviations "ER" and "XR" in drug names refer to extended release tablets.

[5] See United States National Library of Medicine & National Institutes of Health, MedlinePlus website, venlaflaxine, available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a694020.html (last accessed Nov. 19, 2013).

[6] See United States National Library of Medicine & National Institutes of Health, MedlinePlus website, quietiapine, available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a698019.html (last accessed Nov. 19, 2013).

of her sister's current wedding plans. She has resum[ed] taking her medications and is currently emotionally stable." [AR 426]. Dr. Kohut indicated that he referred plaintiff or at least was considering referring her to Loma Linda BMC for treatment. [AR 426]. Subsequent therapy progress notes mention that was starting day treatment at Loma Linda BMC. [See AR 420, 423, 424].

Plaintiff's psychiatric treatment records tend to support, rather than detract from, the credibility of Dr. Pereau's opinion. In the circumstances of this case, the ALJ should not have rejected Dr. Pereau's opinion without attempting to ascertain the basis for it. See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (stating that in social security disability cases, the ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel") (ellipsis in original) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983)); see also Smolen v. Chater, 80 F.3d 1273, 1286 (9th Cir. 1996) (holding that where a treating physician did not explain the basis for his uncontroverted opinion, which was corroborated by other evidence, the ALJ erred in rejecting that opinion because he thought "that they might have been based on unwarranted assumptions" without first "conduct[ing] an appropriate inquiry," such as by subpoenaing the physician, submitting further questions to him, or continuing the hearing to augment the record) (citing 42 U.S.C. § 405(d) and 20 C.F.R. §§ 404.950(d), 404.944, & 404.1527(c)(3)).

The ALJ's reasons for rejecting Dr. Pereau's opinion are not specific, legitimate, and based on substantial evidence in the record, and the ALJ erred in rejecting that opinion without first attempting to develop the record to better ascertain the clinical basis for that opinion.

**Remedy**

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)). A district court, however, should credit evidence that was rejected during the administrative process and remand for

>an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

Because the record is not fully developed as to the basis for Dr. Pereau's opinion, it would not be appropriate to credit Dr. Pereau's opinion as true and award benefits; rather, the proper course is to remand this case for further administrative proceedings to develop the record in that respect. However, even if Dr. Pereau's opinion is credited as true, nothing in that opinion or in the record as a whole warrants reversing the Commissioner's decision denying benefits for the period *before* April 1, 2011, the approximate onset date identified by Dr. Pereau. Significantly, Dr. Pereau clearly and explicitly limited the temporal scope of her disability opinion. She said only that she believed that plaintiff was disabled "currently and in the past 6 months" before October 18, 2011 (that is, no earlier than April 1, 2011), and that "it is likely she will be unable to work in the near future." [AR 506]. Support for Dr. Pereau's opinion as to plaintiff's date of onset of disability can be found in Dr. Kohut's progress notes, which indicate that in spring 2011, plaintiff had "explosive rage episodes" and then stopped taking her medications, resulting in an increase in her symptomatology and apparently prompting his decision to refer her for additional treatment. [See AR 426, 427, 429, 432, 453, 456-458, 460, 463, 464, 467, 470, 474, 477].[7]

---

[7] The ALJ concluded that plaintiff's noncompliance with her prescribed medications "demonstrates a possible unwillingness to do what is necessary to improve her condition" and "may also be an indication that her symptoms were not as severe as she purported." [AR 17 n.2]. That negative inference does not seem to justified. Plaintiff took psychotropic medication for years, and, with the notable exception of his May 23, 2011 progress note, Dr. Kohut did not document any significant problems with plaintiff's compliance. In any event, the ALJ himself said that plaintiff's noncompliance was "not the primary basis for the decision in this case . . . ." [AR 17 n.2].

7

Additionally, plaintiff has not challenged the ALJ's evaluation of any of the medical evidence other than Dr. Pereau's opinion. See Bergfeld v. Barnhart, 361 F. Supp. 2d 1102, 1110 (D. Ariz. 2005) ("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision.") (citing Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001)); see also Warre v. Comm'r of Social Sec. Admin., 439 F.3d 1001, 1007 (9th Cir. 2006) (declining to consider an issue that the plaintiff-appellant raised on appeal to the Ninth Circuit but waived by failing to raise it before the district court). Therefore, the ALJ's denial of benefits is supported by substantial evidence and is free of legal error with respect to the period before, but not after, April 1, 2011.

### Conclusion

For the reasons described above, the Commissioner's decision is **affirmed in part and reversed and remanded in part**. As to the period ending on March 31, 2011, the Commissioner's decision is **affirmed.** As to the period beginning on April 1, 2011, the Commissioner's decision is **reversed and remanded for further administrative proceedings and a new hearing decision consistent with this memorandum of decision**.

**IT IS SO ORDERED.**

November 21, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge